**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

Latoya Collymore,

Plaintiff, Civil Action No.: _______________

v.

RCVD - USDC COLA SC
AUG 19 '26 AM8:01

Experian Information Solutions, Inc.,

Defendant. **JURY TRIAL DEMANDED**

**COMPLAINT**

1. Latoya Collymore is a consumer in Columbia, South Carolina, working to understand and protect her own credit standing. When she requested her consumer file disclosure from Experian through the annualcreditreport.com portal on May 2, 2026, she expected to receive a complete and accurate picture of everything Experian had collected about her. Instead, she received a disclosure riddled with blank fields, months of missing payment history, and student loan entries so internally contradictory that no reasonable person could determine what they meant. The cost to her was real: time lost, anxiety gained, and the inability to verify the accuracy of her own file.

2. When Plaintiff reviewed her Experian consumer file disclosure, Report Number 0770-2517-14, she found that across four accounts, Experian had designated dozens of payment history cells as "ND" -- No Data -- withholding months of her payment history from her own file disclosure. She further discovered that two EdFinancial student loan accounts each displayed only a single row of balance history despite years of account activity, and that both of those single rows showed an identical "Paid" date of 8/2/2023, regardless of the fact that the balance row covered a period ten months later. On the same disclosure, two Sallie Mae student loan accounts simultaneously reported a zero balance, a charge-off, a "Purchased by another lender" notation, and a substantial recent payment by the original creditor -- four pieces of information that cannot all be true at the same time.

3. In excess of fifty-two (52) data fields across four accounts are blank, designated "ND," or corrupted by a static placeholder date in Plaintiff's Experian file disclosure. The two EdFinancial accounts each show only a single balance history row for accounts open since 2018 and 2019 respectively, leaving years of balance history invisible. The identical "Paid" date of 8/2/2023 appearing on both accounts' single balance rows, regardless of the balance period being reported, is not a random error. It is the fingerprint of a uniform software policy. The identical pattern of ND payment history cells across unrelated accounts spanning unrelated time periods, and the identical internal contradictions appearing on both Sallie Mae accounts -- same charge-off status, same zero balance update date, same recent payment date -- confirm that Plaintiff's disclosure failures are systemic, not accidental.

4. The Fair Credit Reporting Act, 15 U.S.C. Section 1681g(a)(1), requires Experian to clearly and accurately disclose to Plaintiff all information in her file at the time of her request. The FTC placed Experian and every other nationwide consumer reporting agency on express notice of this obligation more than twenty-five years ago. The Act also requires, under 15 U.S.C. Section 1681e(b), that Experian follow reasonable procedures to assure maximum possible accuracy of consumer reports. A disclosure that withholds payment history, conceals balance history, populates dates with static placeholders, and presents internally contradictory charged-off account entries does not satisfy either obligation.

5. Plaintiff brings this action to recover actual damages for the harm caused by Experian's violations, statutory damages for each willful violation, punitive damages for Experian's objectively unreasonable conduct, and costs of this action, and to obtain injunctive relief directing Experian to provide a complete, corrected consumer file disclosure in compliance with federal law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. Section 1681p and 28 U.S.C. Section 1331, which vest federal district courts with original jurisdiction over claims arising under the Fair Credit Reporting Act.

7. Venue is proper in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. Section 1391(b)(1) and (2), because Plaintiff resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in

this district, including Plaintiff's request for her consumer file disclosure and Experian's provision of the materially incomplete disclosure to Plaintiff.

## PARTIES

8. Plaintiff Latoya Collymore is a natural person residing at 221 Greemount Circle, Columbia, South Carolina 29209. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. Section 1681a(c).

9. Defendant Experian Information Solutions, Inc. is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Defendant's registered agent in the State of South Carolina may be located through the South Carolina Secretary of State's corporate database.

10. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. Section 1681a(f) in that, for monetary fees and on a cooperative nonprofit basis, it regularly engages in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties using the facilities of interstate commerce, including the mail and the internet. Experian is fully aware of its legal obligations under the Fair Credit Reporting Act.

## FACTUAL ALLEGATIONS

## A. Credit Report Overview

11. On May 2, 2026, Plaintiff requested and received her annual consumer file disclosure from Experian through the annualcreditreport.com portal. The disclosure was generated on May 2, 2026 and bears Report Number 0770-2517-14 (the "Disclosure").

12. The Disclosure lists ten (10) tradeline accounts, zero (0) public records, and zero (0) hard inquiries.

13. Pursuant to 15 U.S.C. Section 1681g(a)(1), upon a consumer's request, Experian is required to "clearly and accurately disclose" to the consumer all information in the consumer's file at the time of the request. The Federal Trade Commission addressed this obligation directly in its Advisory Opinion to Darcy, June 30, 2000, placing all consumer reporting agencies on constructive notice that withholding file data from a consumer's own disclosure while providing that same data to third-party purchasers of consumer reports does not comply with Section 609 of the FCRA because it does not provide an "accurate" and "clear" disclosure of "all information" in the consumer's file.

## B. Section 1681g(a)(1) Incomplete Disclosure: Account-by-Account Inventory

14. The Disclosure contains in excess of fifty-two (52) blank, "ND" (No Data), and static-placeholder-affected data fields across four accounts. Each such field represents a discrete unit of information that exists in Experian's file on Plaintiff and was withheld

from Plaintiff's consumer file disclosure in violation of 15 U.S.C. Section 1681g(a)(1). The affected accounts and fields are set forth below.

15. EdFinancial Services LLC (account number 157763XXXXXXXXXXXXXXXXXXXXXXX, opened September 10, 2018): The payment history grid for this account spans from 2018 through July 2024, a period of approximately seventy-one (71) months. The Disclosure designates approximately nineteen (19) cells as "ND" across calendar years 2019 through 2024, including the following months: January 2024, February 2024, March 2024, April 2024, May 2024, January 2023, February 2023, March 2023, June 2023, July 2023, August 2023, September 2023, October 2023, November 2023, December 2023, February 2022, March 2022, May 2022, and June 2022. Each of those nineteen (19) cells represents a month for which payment status data exists in Experian's underlying file and was withheld from Plaintiff's disclosure.

16. The balance history table for this EdFinancial account provides only one (1) row of data, showing a balance of $27,656 as of June 2024. For an account open since September 2018, one row of balance history is materially fewer rows than the account's more than sixty (60) months of active history requires. On information and belief, Experian's file for this account contains additional months of balance data that were withheld from the Disclosure.

17. The single balance history row for this EdFinancial account displays a "Paid" date of 8/2/2023, which is approximately ten (10) months prior to the June 2024 period of the

balance row. This date does not correspond to any payment event reflected within the reported June 2024 period and is a static placeholder date rather than a date reflecting an actual payment made during the period reported in that row.

18. EdFinancial Services LLC (account number 157763XXXXXXXXXXXXXXXXXXXXXX, opened October 7, 2019): The payment history grid for this account spans from 2019 through July 2024, a period of approximately fifty-seven (57) months. The Disclosure designates approximately twenty-one (21) cells as "ND" across calendar years 2019 through 2024, including the following months: January 2024, February 2024, March 2024, April 2024, May 2024, January 2023, February 2023, March 2023, June 2023, July 2023, August 2023, September 2023, October 2023, November 2023, December 2023, February 2022, March 2022, April 2022, May 2022, June 2022, and December 2019. Each of those twenty-one (21) cells represents a month for which payment status data exists in Experian's underlying file and was withheld from Plaintiff's disclosure.

19. The balance history table for this second EdFinancial account provides only one (1) row of data, showing a balance of $11,742 as of June 2024. For an account open since October 2019, one row of balance history is materially fewer rows than the account's active history requires. On information and belief, Experian's file for this account contains additional months of balance data that were withheld from the Disclosure.

20. The single balance history row for this second EdFinancial account displays a "Paid" date of 8/2/2023, identical to the date appearing on the first EdFinancial account's balance

history row described in Paragraphs 16 and 17 above. The fact that the identical date of 8/2/2023 appears on the sole balance history row of two separate accounts, each showing balances as of June 2024 (a period ten months after 8/2/2023), confirms that this date is a systemic static placeholder populated by Experian's automated disclosure software rather than a date reflecting any actual payment event during the June 2024 reporting period. This static placeholder pattern is the hallmark of a deliberate software policy rather than random data error.

21. Sallie Mae Inc. (account number 585250XXXXXXXXXX, opened November 15, 2021): The payment history grid for this account designates cells as "ND" for January 2022, February 2022, March 2022, April 2022, May 2022, and June 2022, representing at minimum six (6) months of payment history data that exists in Experian's file and was withheld from Plaintiff's consumer file disclosure.

22. Sallie Mae Inc. (account number 585250XXXXXXXXXX, opened December 1, 2021): The payment history grid for this second Sallie Mae account likewise designates cells as "ND" for January 2022, February 2022, March 2022, April 2022, May 2022, and June 2022, representing at minimum six (6) months of payment history data withheld from the Disclosure.

23. Across the four accounts identified in the preceding paragraphs, the Disclosure contains in excess of fifty-two (52) ND cells, materially truncated balance history tables on both EdFinancial accounts, and static placeholder "Paid" dates appearing identically across multiple separate accounts. This uniform pattern, spanning multiple accounts and

multiple account types across years of history, establishes that the omissions result from a systemic software policy rather than random data error.

### C. Materially Misleading Entries: Sallie Mae Charged-Off Accounts

24. The Disclosure presents two Sallie Mae Inc. student loan accounts, each of which contains a combination of data fields that are internally contradictory and materially misleading as to the status and disposition of each debt.

25. Sallie Mae Account No. 1 (account number 585250XXXXXXXXXX, opened November 15, 2021, original balance $21,120) displays simultaneously: (a) Status: "Account charged off. $27,299 written off"; (b) Balance: $0.00 as of January 10, 2025; (c) Comment: "Purchased by another lender"; and (d) Recent Payment: $27,354 as of December 19, 2024.

26. These four data points cannot simultaneously be accurate. A balance of $0.00 on a charged-off account with a "Purchased by another lender" notation means Sallie Mae no longer holds the obligation; the account was sold to a third-party purchaser. A "Recent Payment" of $27,354 as of December 19, 2024 implies that a payment of that amount was received by the original creditor weeks before the January 10, 2025 balance update. A $0.00 balance on an account transferred to another lender is irreconcilable with a $27,354 payment having been received by the original creditor. A consumer reviewing this entry cannot determine whether the account was (i) paid in full by the consumer, (ii) sold to another lender for consideration, or (iii) still actively reporting a payment to the original

creditor. This ambiguity is materially misleading in violation of 15 U.S.C. Section 1681e(b).

27. Sallie Mae Account No. 2 (account number 585250XXXXXXXXXX, opened December 1, 2021, original balance $13,401) displays the identical combination of contradictory fields: (a) Status: "Account charged off. $17,076 written off"; (b) Balance: $0.00 as of January 10, 2025; (c) Comment: "Purchased by another lender"; and (d) Recent Payment: $17,110 as of December 19, 2024. The same analysis set forth in the preceding paragraph applies with equal force to this account. A $0.00 balance on a transferred account is irreconcilable with a $17,110 recent payment appearing on the same account entry.

28. The fact that both Sallie Mae accounts carry the identical "Purchased by another lender" notation, identical charge-off status, identical $0.00 balances updated on the same date (January 10, 2025), and both carry large "Recent Payment" figures dated the same day (December 19, 2024) confirms that the misleading presentation is the product of a uniform data policy applied by Experian's systems rather than isolated entry error.

**D. Third-Party Dissemination and Article III Standing**

29. The Disclosure reflects zero hard inquiries at the time Plaintiff obtained her file. Experian's obligations under 15 U.S.C. Section 1681g run to the completeness and accuracy of the consumer's own file disclosure independent of third-party dissemination. Plaintiff suffered a concrete informational injury when Experian withheld from her disclosure data that exists in Experian's file on her. Plaintiff's statutory right to a clear and accurate

disclosure of all information in her file under 15 U.S.C. Section 1681g(a)(1) was violated by Experian's withholding of the payment history data, balance history data, and static placeholder dates identified above.

30. The multiple internal entity soft inquiry pulls appearing on Plaintiff's Disclosure, including pulls by Experian and its affiliated entities, confirm that Experian's file on Plaintiff was active and in use during the period preceding the Disclosure. Additionally, Experian regularly furnishes consumer reports to third parties on the basis of the file it maintains on Plaintiff. On information and belief, the same data fields that were withheld from Plaintiff's consumer file disclosure are included in the consumer reports Experian furnishes to third-party subscribers, including lenders, landlords, and insurers. The dissemination of the inaccurate and materially misleading Sallie Mae tradeline data described above to any such third party constitutes a concrete injury to Plaintiff satisfying the standing requirements of TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2208-09 (2021).

**E. Willfulness**

31. Experian's violations of 15 U.S.C. Sections 1681g(a)(1) and 1681e(b) were willful within the meaning of 15 U.S.C. Section 1681n as interpreted by Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 57, 69 (2007). A defendant acts willfully under the FCRA when its conduct is objectively unreasonable in light of the legal rules clearly established at the time, such that it creates a risk of harm substantially greater than negligence.

32. First, Experian has been on constructive notice for over twenty-five (25) years that withholding file data from a consumer's own disclosure while providing that data to third-party subscribers violates 15 U.S.C. Section 1681g(a)(1). The Federal Trade Commission placed all consumer reporting agencies on express notice of this obligation in the Advisory Opinion to Darcy, June 30, 2000, stating that a CRA that does not provide an accurate and clear disclosure of all information in the consumer's file does not technically comply with Section 609 of the FCRA. Experian's continued withholding of payment history and balance history data from consumer file disclosures more than twenty-five years after that opinion is objectively unreasonable under Safeco, 551 U.S. at 69.

33. Second, the uniform pattern of ND cells, identical static placeholder dates appearing across multiple separate accounts on the same disclosure, and materially truncated balance history tables confirms that these omissions are not random data errors. They are the product of deliberate, uniform software programming choices by Experian. The identical omissions appearing uniformly across every affected account cannot be the product of accident. Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020) (affirming that systemic policy-driven conduct supports a finding of willfulness).

34. Third, Experian's continued operation of consumer file disclosure practices materially identical to those described in a pending federal enforcement action filed by its primary regulator confirms willful disregard of known legal obligations under Safeco, 551 U.S. at 69. CFPB v. Experian Information Solutions, Inc., Case No. 8:25-cv-00024 (C.D. Cal. Jan. 7, 2025) (pending, not adjudicated).

35. Fourth, regarding the materially misleading Sallie Mae tradeline entries, the failure to implement any automated data-integrity comparison of the Balance field, the Comment field, and the Recent Payment field on the same account entry before publishing that account in a consumer file disclosure is objectively unreasonable. Any adequate data quality system would flag and reject a tradeline simultaneously showing a zero balance, a charge-off, a "Purchased by another lender" notation, and a recent payment figure in excess of $17,000 before that tradeline was published in a consumer file disclosure.

**F. Actual Damages**

36. As a direct and proximate result of Experian's violations of the Fair Credit Reporting Act, Plaintiff has suffered actual damages including, but not limited to: emotional distress and anxiety resulting from discovering that her consumer file disclosure was materially incomplete and that misleading information about charged-off accounts appeared in her file; frustration and loss of time spent reviewing, analyzing, and attempting to understand a disclosure that omitted dozens of data fields required by law to be disclosed; inability to accurately verify the information in her Experian file against her own records as a result of the ND cells, truncated balance history tables, and static placeholder dates that prevented meaningful account-by-account review; and apprehension arising from the materially misleading Sallie Mae tradeline entries, which present internally inconsistent data that no reasonable consumer could reconcile without access to underlying account records.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF 15 U.S.C. SECTION 1681g(a)(1)

## (INCOMPLETE CONSUMER FILE DISCLOSURE)

37. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

38. 15 U.S.C. Section 1681g(a)(1) requires that, upon request by a consumer, Experian shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request, with the limited exception that a Social Security number may be truncated at the consumer's request.

39. Plaintiff requested her consumer file disclosure from Experian on May 2, 2026. In response, Experian generated Report Number 0770-2517-14 and provided it to Plaintiff on that date.

40. Experian violated 15 U.S.C. Section 1681g(a)(1) by providing Plaintiff with a consumer file disclosure that omitted data existing in Experian's file, specifically: (a) approximately nineteen (19) months of payment history data, designated "ND," from the EdFinancial Services LLC account bearing account number 157763XXXXXXXXXXXXXXXXXXXXXX, opened September 10, 2018; (b)

approximately twenty-one (21) months of payment history data, designated "ND," from the EdFinancial Services LLC account bearing account number 157763XXXXXXXXXXXXXXXXXXXXXX, opened October 7, 2019; (c) at minimum six (6) months of payment history data, designated "ND," from the Sallie Mae Inc. account bearing account number 585250XXXXXXXXXX, opened November 15, 2021; (d) at minimum six (6) months of payment history data, designated "ND," from the Sallie Mae Inc. account bearing account number 585250XXXXXXXXXX, opened December 1, 2021; (e) all but one row of balance history data from both EdFinancial accounts, despite each having been open for multiple years with substantial balance history on file; and (f) accurate Paid date data on both EdFinancial balance history rows, each of which displays the identical static placeholder date of 8/2/2023 rather than a date reflecting actual payment activity during the June 2024 reporting period.

41. The total number of blank, ND, and static-placeholder-affected data fields across the four accounts identified in the preceding paragraph is in excess of fifty-two (52) discrete data points withheld from Plaintiff's consumer file disclosure.

42. Experian's violations of 15 U.S.C. Section 1681g(a)(1) were willful within the meaning of 15 U.S.C. Section 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), for the reasons set forth in the Willfulness section above.

43. In the alternative, Experian's violations of 15 U.S.C. Section 1681g(a)(1) were negligent within the meaning of 15 U.S.C. Section 1681o.

44. As a direct and proximate result of Experian's violations of 15 U.S.C. Section 1681g(a)(1), Plaintiff has suffered actual damages as described above, and is entitled to: (a) actual damages pursuant to 15 U.S.C. Sections 1681n(a)(1) and 1681o(a)(1); (b) statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A); (c) punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2); and (d) costs of the action pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2).

## COUNT II

## VIOLATION OF 15 U.S.C. SECTION 1681e(b)

## (MATERIALLY MISLEADING REPORTING ON SALLIE MAE ACCOUNTS)

45. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

46. 15 U.S.C. Section 1681e(b) requires that, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

47. A consumer report is inaccurate under Section 1681e(b) not only when it contains factually false information, but also when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect. Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009). A consumer reporting agency violates Section

1681e(b) when it reports technically accurate but incomplete information that creates a materially misleading picture of the consumer's credit status. Pittman v. Experian Information Solutions, Inc., 901 F.3d 619, 639 (6th Cir. 2018).

48. Sallie Mae Account No. 1 (account number 585250XXXXXXXXXX, opened November 15, 2021) is reported in Experian's consumer file with four simultaneously contradictory data fields: (a) Status: "Account charged off. $27,299 written off"; (b) Balance: $0.00 as of January 10, 2025; (c) Comment: "Purchased by another lender"; and (d) Recent Payment: $27,354 as of December 19, 2024. A $0.00 balance on a charged-off account sold to another lender is logically inconsistent with a recent payment of $27,354 received by the original creditor. A reviewing creditor, landlord, or other third-party user of Plaintiff's consumer report cannot determine from these fields whether the account was paid in full by the consumer, sold for consideration, or whether a payment remains credited to the original creditor. This presentation is materially misleading in violation of 15 U.S.C. Section 1681e(b).

49. Sallie Mae Account No. 2 (account number 585250XXXXXXXXXX, opened December 1, 2021) is reported with the identical combination of contradictory fields: (a) Status: "Account charged off. $17,076 written off"; (b) Balance: $0.00 as of January 10, 2025; (c) Comment: "Purchased by another lender"; and (d) Recent Payment: $17,110 as of December 19, 2024. For the same reasons set forth in the preceding paragraph, this presentation is materially misleading in violation of 15 U.S.C. Section 1681e(b).

50. A consumer reporting agency following reasonable procedures to assure maximum possible accuracy would implement automated data-integrity logic to identify and flag account entries in which a zero-balance, charged-off, and transferred account simultaneously displays a substantial recent payment figure. Experian failed to implement or follow any such procedure with respect to either Sallie Mae account.

51. Experian's violations of 15 U.S.C. Section 1681e(b) were willful within the meaning of 15 U.S.C. Section 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), for the reasons set forth in the Willfulness section above.

52. In the alternative, Experian's violations of 15 U.S.C. Section 1681e(b) were negligent within the meaning of 15 U.S.C. Section 1681o.

53. As a direct and proximate result of Experian's violations of 15 U.S.C. Section 1681e(b), Plaintiff has suffered actual damages as described above, and is entitled to: (a) actual damages pursuant to 15 U.S.C. Sections 1681n(a)(1) and 1681o(a)(1); (b) statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A); (c) punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2); and (d) costs of the action pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Latoya Collymore respectfully requests that this Court enter judgment in her favor and against Defendant Experian Information Solutions, Inc. and award the following relief:

(a) Judgment for Plaintiff on all counts;

(b) Actual damages in an amount to be proven at trial, pursuant to 15 U.S.C. Sections 1681n(a)(1) and 1681o(a)(1);

(c) Statutory damages of not less than $100.00 and not more than $1,000.00 per willful violation, for each separate willful violation of the Fair Credit Reporting Act, pursuant to 15 U.S.C. Section 1681n(a)(1)(A);

(d) Punitive damages in an amount to be determined by the finder of fact, for Experian's willful and knowing violations of the Fair Credit Reporting Act, pursuant to 15 U.S.C. Section 1681n(a)(2); see Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735, 753 (11th Cir. 2020) (affirming appropriateness of punitive damages for willful consumer reporting agency violations where systemic policy-driven conduct is established);

(e) Costs of the action pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2);

(f) Injunctive relief directing Experian to provide Plaintiff with a complete and corrected consumer file disclosure that clearly and accurately discloses all information in Plaintiff's file at the time of the corrected disclosure, including all payment history data, balance history data, and

account detail fields, free of static placeholder dates, in compliance with 15 U.S.C. Section 1681g(a)(1);

(g) Plaintiff reserves the right to amend this Complaint pursuant to Federal Rule of Civil Procedure 15(a) to add reinvestigation counts under 15 U.S.C. Section 1681i following expiration of the CRA's 30-day reinvestigation window; and

(h) Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Latoya Collymore

Latoya Collymore

Pro Se Plaintiff

221 Greemount Circle

Columbia, South Carolina 29209

Telephone: 857-248-8112

Latoyacollymore22@yahoo.com

Date: June 16, 2026